**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

TERRY J. GRIGSBY,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART, [*]
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No. 01-7129

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CV-736-S)**

---

Submitted on the briefs:

Gregory L. Johnson, Ardmore, Oklahoma, for Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney; Tina M. Waddell, Regional Chief
Counsel, Region VI; Mark J. Kingsolver, Deputy Regional Chief Counsel; and
Una McGeehan, Assistant Regional Counsel, of the SSA-Office of the General
Counsel, Dallas, Texas, for Defendant-Appellee.

---

[*]     On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action.

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

**EBEL**, Circuit Judge.

Terry J. Grigsby appeals from the district court's decision affirming the Commissioner's denial of his application for Social Security disability insurance and supplemental security income benefits. We affirm,[1] based on our determination that the 1996 amendments to the Social Security Act, concerning disability benefits based on alcoholism or drug addiction, apply to Mr. Grigsby's pending claims.

## BACKGROUND

Mr. Grigsby first sought benefits in July 1994, when he filed an application claiming disability due to scoliosis and collapsed vertebrae. The application was denied on initial review, on reconsideration, and, following a hearing, on consideration by an administrative law judge (ALJ). On judicial review, however, the district court determined that the record contained indications of alcoholism

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

which the Commissioner had failed to develop. [2] The court therefore determined that the case should be remanded "to the ALJ for a supplemental hearing so that Plaintiff can testify as to his current situation with alcohol and to submit additional medical evidence concerning current status, treatment, etc. for this alleged alcohol problem." Appellant's App. at 264.

The district court also noted that, in 1996, Congress amended the statutory standards applicable to persons whose condition is affected by alcoholism or drug addiction. *Id.* Under the amended provisions, "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 105(a)(1)(C), 105(b)(1)(I), 1996 U.S.C.C.A.N. (110 Stat.) 847, 852-53 (codified as amended at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(I)).

At the time of the district court decision, the amendments were effective to preclude an award of benefits to individuals whose claims were "finally adjudicated by the Commissioner of Social Security" on or after March 29, 1996. *Id.*, §§ 105(a)(5)(A), 105(b)(5)(A), at 853-54 (codified as amended at 42 U.S.C.

---

[2] Mr. Grigsby's district court case was referred to a magistrate judge, who issued findings and a recommendation adopted by the district court.

§§ 405 (note), 1382 (note) (1997). Individuals whose claims had been favorably and finally adjudicated before that date were given a grace period until January 1, 1997, at which time their benefits would cease. *Id.*

Based on its interpretation of the amendments' effective-date provision, the district court stated that Mr. Grigsby's possible alcoholism "must be categorized as being disabling on or before 3-2[9]-96 which is the date this condition will no longer warrant the finding of disability." Appellant's App. at 265-66. The district court's statement was consistent with other cases holding that a claim was "finally adjudicated" when a claimant had exhausted administrative remedies, but had not completed the judicial review process. *See Newton v. Chater*, 92 F.3d 688, 695 n.3 (8th Cir. 1996); *Santos v. Chater*, 942 F. Supp. 57, 63-64 (D. Mass. 1996); *but see Torres v. Chater*, 125 F.3d 166, 171-72 (3d Cir. 1997) (holding, with "no difficulty," that a case that had been remanded by the district court to the Commissioner for further adjudication was not "finally adjudicated").

By the time the case came before the ALJ on remand, however, Congress had clarified the effective-date provision. In Technical Amendments Relating to Drug Addicts and Alcoholics, Congress provided that a claim is not finally adjudicated if "there is pending a request for either administrative *or judicial review* with respect to such claim." Balanced Budget Act of 1997, Pub. L. No. 105-33, § 5525(a)(2)(D)(i), 1997 U.S.C.C.A.N. (111 Stat.) 251, 624-25

(codified as amended at 42 U.S.C. § 1382 (note) (emphasis added)). The clarification was to "take effect as if included" in the 1996 amendments. *Id.*, § 5528(c)(i). [3]

On remand to the ALJ, Mr. Grigsby sought benefits from his alleged onset date of May 15, 1991, through January 1, 1997, the termination date for persons already receiving disability insurance benefits based on alcoholism. After receiving additional evidence and conducting another hearing, the ALJ issued his decision. The ALJ found that Mr. Grigsby's alcoholism was severe enough to amount to a "substance addiction disorder" under 20 C.F.R. § 404, Subpt. P, App. 1, § 12.09. He determined, however, that Mr. Grigsby was not entitled to benefits for any period of time because (1) alcoholism was a contributing factor material to the disability finding, and (2) Mr. Grigsby's claim was not finally adjudicated before March 29, 1996.

Mr. Grigsby then filed a complaint for judicial review. He conceded that his disability was attributable to alcoholism and attacked only the applicability of

---

[3]    The initial set of technical amendments specified applicability only to supplemental security income benefits. Congress did not simultaneously amend the parallel provisions applicable to disability insurance benefits. Later, it corrected this omission. *See* Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. No. 106-170, §§ 401(a), (c), 1999 U.S.C.C.A.N. (113 Stat.) 1860, 1906-07 (codified as amended at 42 U.S.C. § 405 (note)).

the amendments to his request for benefits through January 1, 1997. The district court affirmed the Commissioner's decision and this appeal followed.

## DISCUSSION

In challenging the Commissioner's decision in this court, Mr. Grigsby argues that the application of the amended provisions to his claim: (1) violates the law of the case doctrine and the mandate rule; (2) amounts to an impermissible retroactive application of the amended statutory provisions; and (3) infringes upon his equal protection rights. We review the record to determine whether the decision of the ALJ is supported by substantial evidence and to verify that the law was correctly applied. *See Kepler v. Chater*, 68 F.3d 387, 388 (10th Cir. 1995). Applying this standard, we conclude that Mr. Grigsby's contentions are without merit.

**Law of the case and mandate rule**

Mr. Grigsby maintains that, under the doctrine of the law of the case and the mandate rule, the Commissioner was required to award him benefits. The district court's initial order implied that an award would be forthcoming if the Commissioner found Mr. Grigsby's possible alcoholism disabling before March 29, 1996. Generally, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case" and there must be compliance with the reviewing court's mandate. *Ute Indian Tribe of the Uintah &*

*Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997). Although primarily applicable between courts of different levels, the doctrine and the mandate rule apply to judicial review of administrative decisions, and "require[] the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998); *see also Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir. 1997).

This court has "routinely recognized," however, that application of these principles is "'discretionary, not mandatory.'" *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) (quoting *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996) (further quotation omitted)). There are well-recognized exceptions to both the law of the case doctrine and the mandate rule.[4] One of these exceptions is triggered by a subsequent, contrary decision of

---

[4]    This court has recently summarized the grounds for departure from both the law of the case and the mandate rule. There are three "'exceptionally narrow'" reasons to depart from the law of the case: "'(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.'" *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001) (quoting *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000)). With regard to the mandate rule, a deviation requires "'exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from

(continued...)

applicable law by a controlling authority. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001).

Here, Congress enacted clarifying legislation to provide guidance on the applicability of the amended alcoholism and drug addiction provisions. With the technical amendments, Congress signaled its plain intent to bar alcoholism-based benefits for claims in which a request for judicial review was pending after March 29, 1996. *See O'Kane v. Apfel*, 224 F.3d 686, 691 (7th Cir. 2000) (stating that Congress "explicitly defin[ed] 'finally adjudicated' to exclude claims for which there is a pending request for judicial review"). Thus, intervening legislation justified the Commissioner's reconsideration of the district court's instructions on the appropriate treatment of Mr. Grigsby's claim for benefits. The ALJ's determination that the 1996 changes in the law preclude an award of benefits to Mr. Grigsby is not barred by either the law of the case or the mandate rule.

**Retroactivity**

The second argument raised by Mr. Grigsby is that application of the 1996 amendments has an impermissible retroactive effect. "[T]he general rule is that courts will not apply [a new] statute in ways that would create new legal

---

[4](...continued)
the prior . . . decision would result in serious injustice if uncorrected.'" *Id.* (quoting *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996)).

consequences for events completed before the statute was enacted." *Daniels v. United States*, 254 F.3d 1180, 1187 (10th Cir. 2001) (citing *Landgraf v. USI Film Prods*., 511 U.S. 244, 280 (1994)). As long as it "do[es] so explicitly," however, Congress "has the power to override this traditional presumption and direct the statute's retroactive application." *Id.*

As explained above, the technical amendments make it clear that "Congress deliberately precluded benefits to pending claims." *O'Kane*, 224 F.3d at 692. We join a number of other circuits and hold there is no impermissible retroactivity in the application of the amended provisions to claims which were pending in either the administrative process or on judicial review on March 29, 1996. *Ball v. Massanari*, 254 F.3d 817, 820 (9th Cir. 2001); *O'Kane*, 224 F.3d at 691; *Adams v. Apfel*, 149 F.3d 844, 846 n.4 (8th Cir. 1998); *Torres*, 125 F.3d at 170.

**Equal Protection**

Finally, Mr. Grigsby asserts that the amended provisions violate his equal protection rights, in that they treat alcoholics with promptly-adjudicated claims differently from alcoholics with claims still pending as of April 29, 1996. Under the provisions, members of the first group received benefits from the date of their application through January 1, 1997. Members of the second group received no benefits.

In *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166 (1980), the Supreme Court set out the standard for evaluating equal protection claims involving social and economic benefits. Where the distinctions drawn by statute "do not burden fundamental constitutional rights or create 'suspect' classifications, such as race or national origin," *id.* at 174, the statute will not be invalidated on equal protection grounds for being "simply . . . unwise or unartfully drawn," *id.* at 175. The Court's language in *Fritz* "indicate[s] the Court's approval of the rational-basis standard as the appropriate test." *Johnson v. Califano*, 656 F.2d 569, 573 (10th Cir. 1981); *see also Spragens v. Shalala*, 36 F.3d 947, 950 (10th Cir. 1994) (applying the rational basis standard to social security statutes and regulations permitting a blind recipient of benefits to earn $600 per month while providing that other recipients lose eligibility if their earnings exceed $300).

In the instant case, the challenged classification depends upon the timing of adjudication. Congress has denied benefits to individuals with claims pending as of March 29, 1996, but allowed a limited grace period for individuals whose claims were favorably and finally adjudicated before that date. The distinction involves no suspect class or quasi-suspect class, and it impinges upon no fundamental right. Thus, the rational basis test applies. Under the rational basis test, the challenged legislation is presumptively constitutional, and the appellant

bears the "very difficult burden" of establishing "that the statute is irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest." *United States v. Phelps*, 17 F.3d 1334, 1345 (10th Cir. 1994).

The legislation at issue here is clearly related to a legitimate governmental goal. "The government seeks . . . to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball*, 254 F.3d at 824. Because social security benefits "may be altered or even eliminated at any time," *Fritz*, 449 U.S. at 174, "it is not constitutionally impermissible for Congress to have drawn lines between groups of [recipients] for the purpose of phasing out those benefits," *id.* at 177.

Here, Congress's line-drawing withstands rational basis scrutiny. "There is a reasonable basis for the distinction between the two categories–the people who have never obtained payment do not have the need to adjust as do those who have received benefits in the past." *Torres*, 125 F.3d at 170. Mr. Grigsby has not demonstrated an equal protection violation.

## CONCLUSION

The ALJ properly applied the amended provisions when reviewing Mr. Grigsby's claim on remand. AFFIRMED.