In re M.T.G., INC. d/b/a/ Matrix
Technologies Group,
Debtor.

Todd M. Halbert, Appellant,

v.

Charles J. Taunt, Plunkett & Cooney,
P.C., Comerica Bank, and the
U.S. Trustee, Appellees.

No. CIV. 02–70486.
Bankruptcy No. 95–48268–G.

United States District Court,
E.D. Michigan,
Southern Division.

April 10, 2003.

Todd M. Halbert, In Pro Per, South-
field, MI, for plaintiff.

Ernest Bazzana, Plunkett & Cooney,
Jonathan Green, Miller, Canfield, Paddock

& Stone, Sheldon Toll, Honigman, Miller, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANN DIGGS TAYLOR, District Judge.

### I.

In August of 1995, the Debtor in this suit filed a chapter 11 bankruptcy petition, which was converted to a chapter 7 bankruptcy on February 8, 1996. In November of 1997, the Trustee filed the Disbursement Motion.

The Appellant, Todd Halbert, objected to the Disbursement Motion and filed a Motion to Disqualify the Trustee and Trustee's Counsel, Vacate the Comerica Bank Settlement Order, Deny the Trustee's Disbursement Motion and Disallow the Bank's Alleged Superiority Claim on March 3, 1998. In this motion and in subsequent briefs, Mr. Halbert argued that the failure to disclose a surcharge agreement was fraud upon the court.

On February 4, 1999, after holding a hearing on Halbert's fraud upon the court allegations, Judge Graves issued his Opinion and Order rejecting the fraud upon the court claim. Mr. Halbert appealed the February 4, 1999 Opinion and Order (the "First Appealed Order") and argued that the Bankruptcy Court erred in not vacating the Settlement Order because of fraud upon the court.

Hearing on the First Appealed Order was held in this Court on September 7, 2000. In October 2000, this Court reversed in part, remanded in part and affirmed in part the First Appealed Order. A Motion to Reconsider the October 2000 Order of this Court was heard on December 11, 2000.

Appellees assert that this Court affirmed the U.S. Bankruptcy Court's decision not to vacate the settlement order, rejected Halbert's fraud on the court arguments, and remanded to the Bankruptcy Court one issue—whether Comerica had a valid § 507(b) superiority claim.

Appellant subsequently filed pleadings with the Bankruptcy Court requesting that the Comerica Bank Orders be vacated for fraud on the court, that Comerica's secured claim be disallowed because of such fraud, that Comerica be compelled to return monies acquired as a result of its fraud to the estate and that attorneys' fees be awarded for undoing the fraud upon the court. In January 2002, the Bankruptcy Court entered its Order denying the Appellant's request for relief based on fraud upon the court. This is an appeal from the Bankruptcy Court's Second Fraud on the court Order.

### II.

 Resolution of the core matter at issue flows through two closely-related concepts, the "law of the case" doctrine and the "mandate rule." *See United States v. Campbell,* 168 F.3d 263, 265 (6th Cir.1999) ("In essence, the mandate rule is a specific application of the law-of-the-case doctrine."); *United States v. Bartsh,* 69 F.3d 864, 866 (8th Cir.1995); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478 (1981 & Supp.1995).[1]

 The law of the case doctrine mandates that "[i]ssues decided at an early stage of the litigation, either explicitly or

---

1. The law of the case doctrine applies to both the higher and lower court in a single proceeding, whereas the mandate rule acts as an exclusive limit on the ability of a trial court to review issues outside the scope of an appellate court's remand. This is not a distinction without a difference.

by necessary inference from the disposition, constitute the law of the case." *EEOC v. United Ass'n of Journeymen and Apprentices of the Plumbing & Pipefitting Indus. of the United States and Canada, Local No. 120,* 235 F.3d 244, 249 (6th Cir.2000) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)). The doctrine has "developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed.2002).

■ Before applying the law of the case doctrine to an issue, a two-step procedure must be followed. First, it must be decided whether earlier statements established the law of the case as to the particular issue in question. *See Morris v. Schilling (In re Kenneth Allen Knight Trust),* 303 F.3d 671, 676 (6th Cir.2002). In the instant case, that issue is the timeliness of the fraud upon the court claim.

During the September 7, 2000 Hearing this Court stated that: "[T]he settlement order is not being vacated because the appeal from it here—the request for vacation is untimely." [2] The basis for the "request for vacation" was, apparently, that the settlement order had been attained through fraud upon the court. The initial statement of this Court, that the "request . . . is untimely," did not end the matter. The issue of timeliness was reinvigorated by the Appellant's Motion for Reconsideration filed on November 11, 2000.

While it is possible to infer that this Court's initial statement concerning "the request for vacation" established the law of the case as to the timeliness of a fraud upon the court claim, that does not make such an inference "necessary." More specifically, or explicitly, this Court's subsequent pronouncement, that "[the issue of whether there is a time limit for bringing a motion to vacate a judgment for fraud upon the court] . . . is taken under advisement," [3] militates against a finding that the law of the case as it applies to the issue of the timeliness of the fraud upon the court claim was constituted, if ever, prior to a written opinion addressing that issue.[4]

Concluding that earlier statements actually established the law of the case does not end the matter. If the first query is answered in the affirmative, the analysis shifts to determine whether an exception to the law of the case doctrine applies. *In re Kenneth Allen Knight Trust,* 303 F.3d at 676.[5]

■ The doctrine is elective, and not mandatory: " 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *In re Kenneth Allen Knight Trust,* 303 F.3d at 677. Thus, while "a court's power to reach a result inconsistent with a prior decision reached in the same case is 'to be exercised very sparingly, and only under extraordinary conditions,' " *Id.,* the power itself is substantial.

**2.** Transcript, September 7, 2000 Hearing, p. 9.

**3.** Transcript, December 11, 2000 Hearing, p. 17.

**4.** Whatever uncertainty may have previously existed, this Court now holds that there is no

time limit for bringing this fraud upon the court claim.

**5.** If an exception to the "law of the case" could have applied in fact, then it is academic whether the "law of the case" need be invoked—and then revoked—in theory.

■ To diverge from a previous statement, "we must find some cogent reason to show the prior ruling is no longer applicable, such as if our prior opinion was a clearly erroneous decision which would work a manifest injustice." *In re Kenneth Allen Knight Trust,* 303 F.3d at 677–678 (quotations omitted).[6]

This Court does not hold that its initial statement concerning the timeliness of the "motion to vacate" materialized into the law of the case as it applies to the timeliness of a claim of fraud upon the court. However, if such a pronouncement had been made in the first instance and it did become the law of the case, it would have been clearly erroneous. In either event, all fraud upon the court claims—including the instant one—are, by operation, timely.[7]

Fed.R.Civ.P. 60(b) states in relevant part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [T]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court to . . . set aside a judgment for fraud upon the court* . . . . (emphasis added).

Rule 60(b) contains two provisions for fraud. The first, for "plain" fraud, mandates that a motion be made within a year of the entry of judgment or order. The second, for fraud upon the court, is contained in the savings clause and has no time limitation. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); *Demjanjuk v. Petrovsky,* 10 F.3d 338, 352 (6th Cir.1993) ("The Supreme Court has recognized a court's inherent power to grant relief, for 'after-discovered fraud,' from an earlier judgment 'regardless of the term of [its] entry.'") (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)); *King v. First Am. Investigations, Inc.,* 287 F.3d 91, 95 (2d Cir.2002) ("motion to vacate for fraud committed upon the court is not subject to the one year limitation period.").

■ Not all fraud is fraud upon the court. The type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion under Rule 60(b)(3) for fraud on an adverse party. *Gleason v. Jandrucko,* 860 F.2d 556, 558 (2d Cir. 1988). Fraud upon the court should embrace "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the

---

**6.** There are three extraordinary exceptions to the law of the case doctrine: (1) subsequent to the issuance of the prior decision, substantially different evidence is presented; (2) a contrary view of the law is issued by a controlling authority; or (3) the prior decision is clearly erroneous and would create a manifest injustice if allowed to stand. *Craft v. United States,* 233 F.3d 358, 363–64 (6th Cir. 2000); *Petition of United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973).

**7.** Conceptually, in determining whether an allegation of fraud could rise to the level of fraud upon the court, a court must look at the substance of the claim. If it is determined that the allegations could rise to the level of fraud upon the court, only then could the savings clause be invoked. Yet, by examining the substance of the fraud upon the court claims—even if they would otherwise be untimely if viewed as mere fraud—the court effectively works an end-around the time limitations for mere fraud.

court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir.1995) (quoting *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir.1972)).

As shown above, a claim of fraud upon the court is not subject to the time limitations of Rule 60(b). To the extent that this Court may have previously ruled that the issue of fraud upon the court was time-barred under Rule 60(b), that contention would rely on "an incorrect legal standard, or appl[y] the law incorrectly." [8]

The final determination that this Court must make is one of justice or injustice. If, by way of misapplication of the law, this Court's action in granting impunity to alleged perpetrators of a fraud upon the court would result in a manifest or serious injustice, then the exception must be invoked.

The "irrefragable linkage between the courts' inherent powers and the rarely-encountered problem of fraud on the court" is essential to the orderly administration of justice. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st. Cir.1989). Stripped of their right to confront situations such as that alleged in the instant case, courts would "lack the power to defend their integrity against unscrupulous marauders; if that were so, it would place at risk the very fundament of the judicial system." *Id.*

Because "[t]he public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud[,]" *Hazel–Atlas Glass Co.*, 322 U.S. at 246, 64 S.Ct. 997, it is elemental that

---

**8.** Alternatively, it may be that the proper motion to be brought by Appellant was under Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) should apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989) (citing *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir.1985), *cert. denied*, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986)); (other citations omitted). Courts, however, must apply subsection (b)(6) only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294; *see also Emergency Beacon Corp.*, 666 F.2d at 758. The "something more," then, must include unusual and extreme situations where principles of equity mandate relief. *Olle*, 910 F.2d at 365. Parties seeking relief under Rule 60(b)(6), however, must file their motion within a "reasonable" time, which ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Id.* (Citing *Emergency Beacon Corp.*, 666 F.2d at 760 (holding that trustee's motion to vacate order authorizing debtor in possession to issue certificates of indebtedness filed twenty-six months after entrance of order was filed within a reasonable time); *In re Pacific Far East Lines*, 889 F.2d 242 (9th Cir.1989) (eighteen months not untimely nor unreasonable under circumstances); *Menier v. United States*, 405 F.2d 245 (5th Cir.1968) (two years not unreasonable)). In order to be entitled to the extraordinary and exceptional relief afforded under Rule 60(b)(6), the party seeking relief must show that it filed a motion for relief under that Rule, and not under some other section of Rule 60. *Id.; United States v. Black*, 776 F.2d 1321, 1323 (6th Cir.1985). *But cf. Buell v. Anderson*, 48 Fed.Appx. 491, 497 (6th Cir.2002) (unpublished) (The argument for applying Rule 60(b)(6), "while frequently made by parties barred under the 60(b)(1),(2), or (3) time-limits, would in effect eliminate the limit and is invariably denied by this court." *See, e.g., Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir.2001) (holding Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.")).

granting impunity to alleged perpetrators of fraud upon the court—as a result of a misapplication of the law—would work a manifest injustice.

Accordingly, any statement barring a fraud upon the court claim because of time limitations cannot constitute the law of the case.[9]

## III.

 Unlike the law of the case, the mandate rule acts as a further exclusive limit on the lower court.[10] The mandate rule "requires lower courts to adhere to the commands of a superior court." *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 570 (6th Cir.2001). Accordingly, "upon remand of the case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Id.* The trial court must " 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.' " *Allard*, 249 F.3d at 570 (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994) quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir.1991)).

 Nonetheless, the trial court "may [still] consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir.1992). To determine whether the trial court violated the mandate rule "an appellate court must consider: a) whether the issue was expressly or impliedly decided by the appellate court in first appeal, and b) whether the appellate court's mandate to the trial court was so narrow in scope as to preclude the trial court from considering the ... issue." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994).

 To evaluate whether the lower court followed the letter and the spirit of the mandate it is necessary to determine whether the remand issued by this court was general or limited in nature:

> Remands ... can be either general or limited in scope. Limited remands explicitly outline the issues to be addressed by the ... [c]ourt and create a narrow framework within which the [c]ourt must operate.... General remands, in contrast, give the [c]ourt authority to address all matters as long as remaining consistent with the remand. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir.1999).

 When an appellate court determines that a trial court has violated the mandate rule by addressing claims that are beyond the scope of the remand, the appellate court need not review those claims outside the scope of the remand. *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 570 n. 1 (6th Cir.2001) (declining to review claims where the district court violated the mandate rule by permitting defendants to add the counterclaim in question).

In *Allard*, the lower court "relied on the [higher] court's statement that the case was remanded 'for further proceedings

---

9. If this Court had in fact previously decided the timeliness of the fraud upon the court claim, then the law of the case and its attendant exceptions would govern this Court's decision, as well as a lower court's ability, to address the timeliness issue. As detailed above, either path renders the fraud upon the court claim justiciable.

10. A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate (the "mandate rule"). *In re Sanford Fork & Tool Company*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895).

consistent with this opinion,' to determine that the mandate was a general one." 249 F.3d at 570. Based on this phrasing, the lower court went on to conclude that the higher court's decision had not addressed the issue at hand. Finding that the remand was general and that the higher court had not addressed, either explicitly or implicitly, the issue at hand, the lower court held that it could evaluate the issue without violating the mandate rule. *Id.*

Upon review, however, it was found that the higher court had "provided explicit, limited instructions to the [lower] court regarding the remand . . . ." *Allard,* 249 F.3d at 570.

In the present case, the remand instructions directed the lower court to proceed in a manner consistent with this Court's December 29, 2000 Opinion and Order, issued from the bench, which was, in pertinent part:

> MR. ROACH: Your Honor, my understanding is in reversing on the 507(B), the super-priority, you are remanding it for further proceedings.
>
> THE COURT: Yes.
>
> MR. ROACH: Basically for the Court to conduct a new hearing on that issue.

THE COURT: *Whatever proceedings are appropriate,* yes. (emphasis added).

If this Court's December 29, 2000 remand was limited to the 507(B) super-priority claim,[11] then the only way that the Bankruptcy Court could have reached any other issue is if it found that one of a narrow group of exceptions applied. *United States v. Moored,* 38 F.3d 1419, 1421–22 (6th Cir.1994); *Jones v. Lewis,* 957 F.2d 260, 262 (6th Cir.), *cert. denied,* 506 U.S. 841, 113 S.Ct. 125, 121 L.Ed.2d 80 (1992).[12]

■ Generally, the mandate rule "has the same exceptions as does the general doctrine of law of the case; these exceptions, if present, would permit a [lower] court to exceed [a higher court's] mandate on remand." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir.2002); *United States v. Bell,* 988 F.2d 247, 251 (1st Cir. 1993) ("the so-called 'mandate rule,' generally requiring conformity with the commands of a superior court on remand, is simply a specific application of the law of the case doctrine and, as such, is a discretion-guiding rule subject to an occasional exception in the interests of justice.").[13]

Here, the first exception, where there is "substantially different evidence raised," is

---

11. If the scope of the remand was limited to the 507(B) claim, and therefore did not include the fraud upon the court claim, then it is implicit that the December 29, 2000 Opinion and Order, issued from the bench, either addressed the claim or reserved the issue to be "taken under advisement." Whether this Court now directly addresses the timeliness issue for the first time, or under an exception to the law of the case, it is clear that a claim for fraud upon the court is not time-barred under the circumstances of this case.

12. Even where "an appellate court's mandate does not contemplate resurrecting an issue on remand, the trial court may still possess some limited discretion to reopen the issue in very special situations." *Moored,* 38 F.3d at 1421–

22 (quoting *United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993)).

13. There is some support for the position that the exceptions to the law of the case and the mandate rule—as applied to the actions of a lower court—are not identical. *See Grigsby v. Barnhart,* 294 F.3d 1215, 1219 (10th Cir. 2002) ("This court has recently summarized the grounds for departure from both the law of the case and the mandate rule. There are three 'exceptionally narrow' reasons to depart from the law of the case: '(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.' ") *Huffman v.*

not applicable. The second exception, where a subsequent contrary view of the law by controlling authority has arisen, is equally inapplicable. The final exception, where a clearly erroneous decision which would work a manifest injustice is present, may be applicable.[14]

The Bankruptcy Court implicitly reached the issue of whether this Court's December 29, 2000 Order was "clearly erroneous," when Judge Hughes stated that:

the district court unequivocally ruled that Mr. Halbert was time-barred from proceeding on his motion to vacate the Comerica Settlement Order because he had not brought the motion within one year of the entry of that order. I am compelled to follow that ruling for the reason that it constitutes [the] law of the case. Bankruptcy Opinion, January 29, 2002, at 17.

Explicitly, when Judge Hughes stated that he was determining if any of the three exceptions applied he found that:

I reject Mr. Halbert's assertion that this case falls within the narrow exceptions to the time-honored doctrine of law of the case ... I conclude that no substan-

tial injustice will be *imposed upon*[15] Mr. Halbert by my recognition as law of the case the district court's decision that Mr. Halbert is time-barred under Fed. R.Bankr.P. 9024 from challenging the Comerica Settlement Order. Bankruptcy Opinion, January 29, 2002, at p. 17. (emphasis added).

Because the lower court did not determine that one of the exceptions applied, it did not directly address the substance of the fraud on the court claim.[16] Accordingly, its comments concerning the substance of that claim are dicta.

## IV.

▪▪▪ Courts have the power to recall their mandates based on fraud upon the court. *See Workman v. Bell*, 227 F.3d 331, 334–35 (6th Cir.2000).[17] In addressing the standard to apply when a court is to recall their mandate and reconsider their decision, the Court of Appeals in *Workman* discussed *Calderon v. Thompson*, 523 U.S. 538, 549, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). In *Calderon* it was recognized that courts of appeal "have an inherent power to recall their mandates, subject to review for abuse of discretion."

*Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir.2001) (quoting *McIlravy v. Kerr–McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir.2000)). With regard to the mandate rule, a deviation requires " 'exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior ... decision would result in serious injustice if uncorrected.' " *Id.* (quoting *United States v. Webb*, 98 F.3d 585, 587 (10th Cir.1996)).

14. There is some confusion among the parties as to what the correct standard for reviewing the fraud on the court claim is. Halbert's claim is that this Court's earlier determination that his fraud on the court contention was untimely was clearly erroneous. That is the correct standard to be applied by the

lower court in order to determine if the third exception to the mandate rule applies. This Court's denial of a Rule 60(b) motion is subject to an abuse of discretion standard.

15. The exact inquiry is whether invoking the case would result in a substantial or manifest injustice—not whether a substantial injustice would be imposed on a given party.

16. Legal conclusions are subject to de novo review. *See Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir.1998).

17. If this Court is to now review its December 29, 2000 Order, then it must: (1) recall the December 29, 2000 mandate; (2) make a rule on the timeliness of the fraud upon the court claim; and, remanding the fraud upon the court claim.

*Workman,* 227 F.3d at 335. One of the reasons which would justify recalling a mandate is the potential existence of a fraud upon the court. *Id.*

If this Court does recall its previous mandate, and examine the timeliness of the fraud upon the court claim, then any previous statement implying that the fraud upon the court claim is time-barred is reviewed for an abuse of discretion.[18] A district court "abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly." *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001); *United Food & Commercial Workers Union, Local 1099, v. Southwest Ohio Regional Transit Authority,* 163 F.3d 341, 347 (6th Cir.1998). As set forth previously, any statement that supports the proposition that a fraud upon the court claim is subject to the time limitations set forth in Rule 60(b)(3) is an incorrect application of the law, and therefore an abuse of discretion.

Because it is in the best position to determine whether fraud was committed upon it, the Bankruptcy Court should address a claim of fraud upon the court on remand. *See, e.g., H.K. Porter Co. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1122 (6th Cir.1976) (holding that the judge who presided over the case "was in the best position to know [whether a fraud upon the court had been perpetrated]."); *Pearson v. First NH Mortgage Corporation,* 200 F.3d 30, 34 (1st Cir.1999); *Shumate v. Nationsbank,* 1995 WL 857350, 1995 U.S. Dist. LEXIS 12693 (W.D.Va. 1995) ("[A] fraud on the court claim should be brought in front of the Bankruptcy Court.").

For the reasons outlined above, therefore, this Court does recall its previous mandate and will remand again to the Bankruptcy Court for its specific consideration of the fraud upon the court claim.

**V.**

In his motion, the Appellant has also moved for an award of attorney's fees and an award of punitive damages based on the fraud upon the court. The resolution of these issues is dependent upon the substantive outcome of the fraud upon the court claim. Accordingly, these issues are remanded to the Bankruptcy Court to be resolved with the fraud upon the court claim.

For the foregoing reasons,

IT IS ORDERED that the fraud upon the court claim is REMANDED to the Bankruptcy Court for determination consistent with this OPINION.

IT IS SO ORDERED.

---

18. The denial of a Fed.R.Civ.P. 60(b) motion is reviewed for an abuse of discretion. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001); *Good v. Ohio Edison, Co.,* 149 F.3d 413, 423 (6th Cir.1998).