UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARLENE A. DRAPEAU,

  Plaintiff-Appellant,

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,      *

  Defendant-Appellee.

No. 00-4074

---

ORDER
Filed June 12, 2001

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

Appellant's motion to publish the order and judgment filed on March 22,

2001, is granted.  A copy of the published opinion is attached.

Entered for the Court
Patrick Fisher, Clerk

By:

  Keith Nelson
  Deputy Clerk

---

\*      On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the
appellee in this action.

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 22 2001

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARLENE A. DRAPEAU,

      Plaintiff-Appellant,

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,   *

      Defendant-Appellee.

No. 00-4074

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 99-CV-132-S)

Submitted on the briefs:

Michael E. Bulson, Utah Legal Services, Inc., Ogden, Utah, for Plaintiff-Appellant.

Paul M. Warner, United States Attorney, Jeannette F. Swent, Assistant U.S. Attorney, Salt Lake City, Utah; Deana R. Ertl-Lombardi, Chief Counsel, Region VIII, Thomas S. Inman, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Denver, Colorado, for Defendant-Appellee.

---

\*     On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the appellee in this action.

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

**LUCERO** , Circuit Judge.

Plaintiff Marlene Drapeau appeals from an order of the district court affirming the decision of the Commissioner of Social Security to deny her application for supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and reverse. [1]

Plaintiff was born in 1953 and contracted polio when she was six months old from the vaccine. She has worked as a bus aide, a packager, a clerk typist and a maid. She applied for benefits in January 1994, alleging disability due to post-polio syndrome. This condition is characterized by "muscle fatigue and decreased endurance, often accompanied by weakness, fasciculations, and atrophy in selective muscles." *The Merck Manual* 2342 (17th ed. 1999). The syndrome occurs many years after an attack of paralytic poliomyelitis, affecting especially older patients and those initially more severely affected. *Id*. Plaintiff has also been diagnosed with dysphagia, a condition that makes swallowing difficult.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant's App. at 230, 314. She has been diagnosed with significant depressive symptoms, for which she has been receiving treatment and medication. Finally, plaintiff has a long history of alcohol abuse.

Following a hearing before an administrative law judge (ALJ), the ALJ denied benefits for plaintiff in November 1994, concluding that she was not disabled at step four of the analysis because she could still perform her past work. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step sequential process for evaluating claims for disability benefits). The Appeals Council remanded the case for further proceedings, and a supplemental administrative hearing was held in December 1995. The ALJ again denied benefits at step four, and the Appeals Council affirmed. Plaintiff appealed in federal district court, which affirmed the Commissioner's denial of benefits.

On appeal, plaintiff claims that the ALJ erred at step three of the analysis, in finding that she does not have a Listed Impairment, in failing to give proper weight to the opinions of her treating physicians that she was unable to work, and in incorrectly determining that alcohol abuse was a material factor contributing to her disability. If we disagree with her step three argument, plaintiff also contends the ALJ erred in evaluating her disability at step four.

I.  Step Three Listed Impairment Determination.

"At step three, the ALJ determines whether the claimant's impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quotation omitted).  Plaintiff contends her impairments meet or equal the criteria for Listing 11.11, the listing for anterior poliomyelitis.  *See* 20 C.F.R. Part 404, Subpart P, App. 1 § 11.11.

For plaintiff to qualify under Listing 11.11, she must have anterior poliomyelitis and meet one of the following three conditions:  she must exhibit (1) persistent difficulty with swallowing or breathing, (2) unintelligible speech, or (3) disorganization of motor function.  *Id*.  Plaintiff's treating physician, Dr. Brandt, stated his opinion that plaintiff met the listing for anterior poliomyelitis because of her diagnosis of post-poliomyelitis coupled with dysphagia, which causes her difficulty in swallowing.  Appellant's App. at 315.  If plaintiff's impairments meet Listing 11.11, she has satisfied her burden of proving her disability without regard to her age, education, or work experience. 20 C.F.R. § 416.920(d).

The ALJ found that "claimant's condition does not meet or equal any listing."  Appellant's App. at 36.  The only reason given by the ALJ for this finding was that he concurred with Dr. Pearson, a consultative physician, who

-4-

testified that plaintiff did not meet the criteria of any listing. The ALJ did not provide any analysis of why plaintiff did not meet Listing 11.11, did not mention or discuss Dr. Brandt's report, did not provide any explanation for why he disregarded the opinion of a treating physician, and did not provide any reason for giving greater weight to the opinion of a consulting physician than to a treating physician.

Thus, the ALJ made several legal errors with respect to this evidence at step three. First, in contravention of *Clifton*, 79 F.3d at 1009-10, the ALJ did not discuss the evidence he accepted or rejected with respect to the requirements of Listing 11.11. The ALJ is charged with carefully considering all the relevant evidence and linking his findings to specific evidence. *Id.* (holding the "record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "discuss[ ] the evidence supporting his decision, . . . the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects"). Here, the ALJ simply stated he concurred with Dr. Pearson that plaintiff did not meet the criteria of any listing. Appellant's App. at 36. As this court stated in *Clifton*, "[s]uch a bare conclusion is beyond meaningful judicial review." 79 F.3d at 1009.

Second, the ALJ completely disregarded Dr. Brandt's opinion that plaintiff's impairments meet Listing 11.11. An ALJ is required to give

controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); *see also Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995). When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth "specific, legitimate reasons" for his decision. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996) (quoting *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)). Further, there are several specific factors the ALJ must consider, including:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995). The ALJ did not consider any of these factors in disregarding the treating physician's opinion that plaintiff met the criteria for Listing 11.11.

The government argues that Dr. Brandt's opinion is contradicted by the testimony of Drs. Pearson, Morrison and Smoot, nontreating physicians who opined that plaintiff's impairments did not meet any listing. None of these physicians reviewed Dr. Brandt's report stating that plaintiff met the listing, nor

did any of them give any supporting explanation whatsoever for their conclusions. Thus, the government's argument is fallacious for two reasons. First, when, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination. *See, e.g., Clifton*, 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion"); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). Although we review the ALJ's decision for substantial evidence, "we are not in a position to draw factual conclusions on behalf of the ALJ." *Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991).

Second, as we stated many years ago in *Frey*, the "findings of a nontreating physician based upon limited contact and examination are of suspect reliability." 816 F.2d at 515. The reports from Drs. Pearson, Morrison and Smoot are "based on the most limited sort of contact and examination." *Id*. "Such evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence. *Id*.

We therefore conclude that the ALJ's conclusion that plaintiff's impairments did not meet any listed impairment did not follow correct legal standards and is not supported by substantial evidence.

## II. Evaluation of Plaintiff's Alcoholism    .

As an additional basis for denying benefits, the ALJ found that plaintiff's alcohol abuse "is a material factor in determining whether [she] is disabled." Appellant's App. at 36. At the time of plaintiff's administrative hearing, drug and alcohol addiction could support a finding of disability, and plaintiff, who is an alcoholic, presented her case accordingly. Following her hearing, however, Congress amended the Social Security Act to provide that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Under the regulations, the key factor the Commissioner must examine in determining whether drugs or alcohol are a contributing factor to the claim is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). Under this regulation, the ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling.

-8-

The ALJ's analysis of plaintiff's alcohol abuse was flawed in several respects. First, the ALJ failed to determine whether plaintiff was disabled prior to finding that alcoholism was a contributing factor material thereto. The implementing regulations make clear that a finding of disability is a condition precedent to an application of § 423(d)(2)(C). 20 C.F.R. § 416.935(a). The Commissioner must first make a determination that the claimant is disabled. *Id*. He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol. *Id*. § 416.935(b)(1). If so, then the alcohol abuse is not a contributing factor material to the finding of disability. *Id*. § 416.935(b)(2)(ii). If, however, the claimant's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability. *Id*. § 416.935(b)(2)(i). The ALJ cannot begin to apply § 423(d)(2)(C) properly when, as here, he has not yet made a finding of disability.

Second, the ALJ only indicated that plaintiff's alcohol abuse contributed to her mental condition of depression. The ALJ failed to address whether plaintiff's alcohol abuse was a "contributing factor" to either her post-poliomyelitis or her dysphagia. Moreover, none of the physicians who examined or evaluated plaintiff addressed whether her alcohol abuse was a contributing factor in any of her claimed disabilities. Thus, there is no evidence in the record to support the ALJ's

finding that plaintiff's alcohol abuse was a "material factor" in her disabilities. Accordingly, in evaluating plaintiff's alcohol abuse under § 423(d)(2)(C), the ALJ failed to follow the applicable legal standards and his conclusion was not supported by substantial evidence. Whether plaintiff is disabled and what role her alcoholism plays in any disability are questions the Commissioner must address on remand.

Because additional proceedings will now ensue at step three, it is unnecessary to reach plaintiff's alleged errors at step four. We note, however, that for the ALJ to conclude validly that plaintiff can return to her past relevant work, the ALJ is required to make specific findings concerning: (1) plaintiff's residual functional capacity (RFC), (2) the functional demands of each of plaintiff's past jobs, and (3) plaintiff's ability to return to these past jobs with the RFC the ALJ determines the claimant to have. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (describing three phases of Commissioner's step-four analysis).

The district court's judgment is REVERSED, and the case is REMANDED for further proceedings.