**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RISE E. FERGUESON,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant - Appellee.

No. 02-7037
D.C. No. 00-CV-662-S
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rise E. Fergueson appeals from the district court's judgment affirming the Commissioner's decision denying her application for Social Security disability insurance benefits. Like the district court, we review the Commissioner's decision to determine whether correct legal standards were applied and whether the factual findings are supported by substantial evidence. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quotation omitted). Because we conclude that the Commissioner's decision was reached in accord with relevant legal standards and that substantial evidence supports the decision, we affirm.

Ms. Fergueson applied for benefits in March 1997, alleging that she was disabled due to bilateral hand and arm problems, right shoulder pain, left knee pain, back pain, and narcolepsy. In May 1999, an administrative law judge (ALJ) determined, at step five of the five-part sequential process, *see* 20 C.F.R. § 404.1520, that Ms. Fergueson was not disabled.

The ALJ found that Ms. Fergueson had a severe impairment secondary to her carpal tunnel syndrome operations and related symptoms, but that the severity of her impairment did not meet a listing requirement. Also, the ALJ observed that

Ms. Fergueson's testimony concerning her condition was not fully credible and was unsupported by the clinical medical proof.

The ALJ determined that Ms. Fergueson could not return to her past relevant work, which was light to medium in exertional level. He concluded, however, that she retained a residual functional capacity for sedentary level work activity. Because he found evidence of nonexertional impairments, he did not rely on the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, conclusively. Instead, he used the grids as a framework for decision-making. In other words, the ALJ found Ms. Fergueson to be unable to perform the full range of sedentary work and called a vocational expert (VE) to testify to the erosion of the occupational base. *See, e.g., Thompson v. Sullivan*, 987 F.2d 1482, 1487, 1492 (10th Cir. 1993); *Trimiar*, 966 F.2d at 1332-34.

Relying on the testimony of the vocational expert, the ALJ determined that Ms. Fergueson could perform the jobs of addresser/clerical, order clerk/food beverage clerk, and credit clerk, and that these jobs existed in significant numbers in the national or regional economy. The ALJ therefore concluded that Ms. Fergueson was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Adopting the findings and recommendations of the magistrate judge, the district court sustained the Commissioner's decision. On appeal, Ms. Fergueson

makes four claims of error: (1) that the ALJ's decision contains inconsistent and facially ambiguous findings as to her residual functional capacity (RFC); (2) that the ALJ disregarded the opinion of her primary care physician without adequate explanation; and (3) that the ALJ's determination was not supported by substantial evidence. [1]  We address each contention in turn.

**RFC Findings**

Ms. Fergueson argues that the ALJ's expression of her RFC does not comport with governing legal standards, in that his RFC findings vary at different stages in the five-step sequential evaluation process.  Specifically, she notes that the ALJ found, at step two, that she had a severe nonexertional impairment; at step four, that she could generally perform sedentary level work; and, at step five, that she could perform a limited range of sedentary work, due to her nonexertional impairments.  Although the ALJ's step-four analysis certainly should have been more detailed, *see* Soc. Sec. R. 96-8p, 1996 WL 374184, at *3, this shortcoming does not provide a reason to reverse the Commissioner's determination.  The step-four conclusion, favorable to Ms. Fergueson, was that she could not perform

---

[1]      Ms. Fergueson also makes a fourth argument:  that the district court exceeded its authority by basing its decision on grounds not included in the ALJ's decision.  Because of our determination that the ALJ's decision may be affirmed based on its own content, we do not reach this issue.  We note, however, that an ALJ's decision is to be evaluated solely on the reasons stated in the decision.  *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962).

her past relevant work. Therefore, the ALJ proceeded to step five, in which the burden shifts to the Commissioner to show that Ms. Fergueson retains sufficient RFC to perform work in the national economy, given her age, education, and work experience. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

At step five, the RFC is to be "expressed in terms of, or related to, the exertional categories when the adjudicator determines there is other work the individual can do." Soc. Sec. R. 96-8p, 1996 WL 374184, at *3. The ALJ must also assess whether the individual has the capacity to perform the full range of work contemplated at the selected exertional level. In the instant case, the ALJ followed the correct step-five procedure in determining Ms. Fergueson's RFC: that is, he decided that she could perform only sedentary work and that the range of sedentary work was eroded by certain nonexertional impairments. We conclude there is no reversible error in this aspect of the Commissioner's decision.

Ms. Fergueson also asserts the ALJ's step-five discussion is ambiguous as to precisely what impairments are included in the RFC. The ALJ found "nonexertional impairment(s), i.e. pain and a diminished grip strength and a diminished capacity for repetitive gripping with het dominant hand." II Aplt. App. at 13. Although this finding could have been expressed more artfully, we conclude that it is not fatally ambiguous. Contrary to Ms. Fergueson's argument, the term "*i.e.*" cannot reasonably be interpreted as referring to "either an exhaustive list of

impairments or a longer list of unspecified impairments." Aplt. Opening Br. at 18. Rather, the term, an abbreviation for the Latin "*id est*," means "that is." It is used to introduce an explanatory phrase. Bryan A. Garner, *A Dictionary of Modern Legal Usage* 414 (2d ed. 1995). The term is readily distinguishable from "*e.g.*" which is an abbreviation for the Latin phrase "*exempli gratia*" and is used to "introduce[] representative examples." *Id.* at 307. Because the ALJ adequately stated Ms. Fergueson's impairments, we see no reason to set aside the RFC for ambiguity. [2]

**Treating physician opinion**

Ms. Fergueson's second contention of legal error is that the ALJ failed to give adequate weight to the opinion of her primary care physician, who stated that Ms. Fergueson was "markedly limited in all functional areas requiring strength and movement of the upper extremities and standing and walking on the lower extremities." II Aplt. App. at 11, 431. He also made more specific comments,

---

[2] As relevant to the ambiguity issue, our task is to review the administrative determination of the *Commissioner* to determine whether the correct legal standards were applied. *See White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (emphasis added). We resolve the issue in favor of the Commissioner, notwithstanding indications in the magistrate judge's findings and recommendations that the magistrate judge considered the RFC to include all limitations listed in hypothetical questions posed to the VE.

such as a notation that Ms. Fergueson had a marked limitation in the ability to feel with both hands.

Generally, the ALJ must "give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record." *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). A treating physician's opinion is considered in relation to factors such as its consistency with other evidence, the length and nature of the treatment relationship, the frequency of examination, and the extent to which the opinion is supported by objective medical evidence. 20 C.F.R. § 404.1527(d)(1)-(6). If the physician's opinion is "brief, conclusory and unsupported by medical evidence," that opinion may be rejected. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). A treating physician's opinion that a claimant is totally disabled is not dispositive "because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano*, 26 F.3d at 1029.

Here, the ALJ pointed out that the primary care physician's opinion did not provide an adequate discussion of or reference to any supporting clinical data. In fact, it did not even offer a diagnosis. The ALJ gave proper weight to the physician's statements concerning Ms. Fergueson's limitations.

**Evidentiary support**

Finally, Ms. Fergueson argues that the ALJ's decision with regard to disability is not supported by substantial evidence. We conclude that the ALJ properly held that the Commissioner met her burden at step five in the sequential process. The medical record as a whole, the evidence concerning Ms. Fergueson's daily activities as a parent and housewife, the ALJ's decision to discount Ms. Fergueson's testimony concerning the extent of her impairment, and the VE's testimony show that Ms. Fergueson could perform the occupations cited by the ALJ in his ruling. Consequently, the evidence marshaled by the ALJ constitutes substantial evidence in support of the Commissioner's decision.

AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge
