**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRESIA BERRYHILL,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 02-7110
(D.C. No. 01-CV-132-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tresia Berryhill challenges the Commissioner's decision denying Berryhill disability benefits and supplemental security income. We review only to determine whether there is substantial evidence to support the Commissioner's decision and whether the Commissioner correctly applied the law. *See Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002).

Berryhill asserts she has been disabled since November 1992 because of severe headaches and bipolar and post-traumatic stress disorders. The administrative law judge (ALJ), however, determined Berryhill was still able to do light work involving only one- to two-step instructions, with occasionally more detailed instructions; only incidental contact, and no interaction, with the public; and no strict production quotas or conveyor belt assembly. Relying on a vocational expert's (VE) testimony, the ALJ found, at step five,[1] that Berryhill remains capable of working as a stock clerk, a shipping and receiving clerk, or a food preparer.[2] Berryhill argues, however, that the ALJ failed to consider properly the effect her headaches have on her ability to work on a consistent basis and that her mental impairments restrict her ability to work to a greater extent than the ALJ

---

[1]     *See* 20 C.F.R. §§ 404.1520, 416.920 (setting forth applicable five-step analysis). At step five, the Commissioner has the burden of establishing that the claimant remains capable of performing work existing in the national economy. *See Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).

[2]     The ALJ's determination became the Commissioner's final decision after the Appeals Council denied review.

found. We agree and remand Berryhill's claim for the Commissioner's further consideration.

Berryhill's medical records clearly established that she had received significant medical treatment for many years for her headaches, without any lasting success. The ALJ did not question that this was a condition likely to produce pain, and that there was a loose nexus between Berryhill's headaches and the pain of which Berryhill complained. *See, e.g., White v. Barnhart*, 287 F.3d 903, 909 & n.3 (10th Cir. 2001). The ALJ, however, did discredit Berryhill's claim that, because of these frequent and severe headaches, she was unable to work on a consistent basis. In doing so, however, the ALJ lumped Berryhill's headache complaints in with numerous other subjective complaints and then rejected those en masse, without specifically addressing her headaches. In this case, that analysis was legally insufficient. *See id.* at 909 (noting ALJ must give specific reasons for rejecting claimant's subjective complaints); *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995) (rejecting ALJ's conclusory decision dismissing claimant's subjective complaints without explaining reasons and specific evidence underlying that determination). Further, the ALJ's general reasons for rejecting all Berryhill's subjective complaints did not pertain to her headaches, inaccurately referred to Berryhill's testimony, or were not supported by

substantial evidence. They were, therefore, insufficient to support the ALJ's decision to discount Berryhill's headache complaints.

Elsewhere in his decision, the ALJ did find that Berryhill's testimony was "credible only to the extent consistent with a residual functional capacity for a wide range of light work activity." App., vol. II at 23. While "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence . . . findings as to credibility should be closely and affirmatively linked to substantial evidence and not just conclusions in the guise of findings." *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (further quotations omitted). Here, the ALJ failed to indicate what part of Berryhill's testimony he found to be incredible and why. *See id.* We, therefore, remand this case for the Commissioner to consider further the impact Berryhill's headaches have on her ability to work.

In addressing Berryhill's bipolar and post-traumatic stress disorders, the ALJ did credit Berryhill's medical records indicating that she could not consistently follow more than simple directions, she needed to avoid interaction with the public and she required more self-paced work. Berryhill, however, asserts her mental impairments limit her ability to work to a still greater extent. In rejecting this claim, the ALJ credited the opinion of the Commissioner's psychiatric expert, Dr. Blake, who examined Berryhill once and had reviewed only

a small portion of her treatment records. *See id* at 1253 ("This court has long held that findings of a nontreating physician based upon limited contact and examination are of suspect reliability.") (further quotation omitted). Dr. Blake indicated that Berryhill had very good concentration, her bipolar disorder was in partial to full remission and she was, thus, capable of performing jobs involving low to moderate stress. Dr. Blake's opinion, however, was contrary to Berryhill's treating physician, Dr. Bumgardner's opinion that Berryhill "would probably not respond appropriately to work pressure." App., vol. II at 339.

"An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record." *McGoffin*, 288 F.3d at 1252 (further quotation omitted). Further, "[w]hen an ALJ decides to disregard a medical report by a claimant's physician, he must set forth the specific, legitimate reasons for his decision." *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (further quotation omitted). Here, however, the ALJ does not appear to have even considered the treating physician's opinion. *See id.* at 1213-14 (remanding case to Commissioner where ALJ disregarded treating physician's opinion without even mentioning it).

And there was substantial evidence supporting Dr. Bumgardner's opinion. Berryhill's extensive treatment notes consistently indicated, among other things,

moderate to severe problems with her mood, thinking and mental processes, including difficulties concentrating, remembering things, and being disoriented.

Dr. Blake's opinion, on the other hand, was contrary to the weight of Berryhill's medical records, most of which Dr. Blake did not review. Additionally, Dr. Blake's opinion was contrary to the opinion of Berryhill's therapist that Berryhill's mental conditions markedly impaired her abilities to maintain her attention and concentration for extended periods of time; punctually attend work; complete a normal work day and work week without interruption from psychological symptoms; and respond appropriately to changes in the work setting. The therapist further indicated these disorders moderately impaired Berryhill's abilities to work in coordination with, or in proximity to, others, without being distracted by them; to make simple work-related decisions; and to set realistic goals or make plans independent of others. Even the ALJ recorded, on the Psychiatric Review Technique (PRT) Form he attached to his decision, that Berryhill suffered moderate restrictions on her daily living activities, as well as her social functioning, and that she often was unable to concentrate, persist, or keep pace to complete tasks in a timely fashion. In his decision denying relief, however, the ALJ never discussed the evidence underlying these findings he made on the PRT form. He was, however, required to do so. *See Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996) (noting that substantial competent evidence must

support conclusions ALJ reports on PRT form, and that ALJ must discuss, in his opinion, this evidence supporting his PRT conclusions).

Most troubling, perhaps, is that the ALJ, in crediting Dr. Blake's conclusion that Berryhill's bipolar disorder was in remission, relied on Berryhill's Global Assessment of Functioning (GAF) score of 60, which represents only moderate problems, *see* Diagnostic and Statistical Manual of Mental Disorders IV (Text Revision) at 34 (Washington, D.C. 2000). In fact, twice in Berryhill's records, her treatment team did note that in the preceding six months, her GAF score was possibly as high as sixty. Nonetheless, the record contains eight other GAF scores, over a three-year period, that are all fifty or less. Such low scores indicate that Berryhill would be unable to keep a job. *See id.* Yet the ALJ never discussed these other, more serious GAF scores. "Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) (further quotation omitted).

"Accordingly, when the record is reviewed as a whole, we are not persuaded Dr. Blake's assessment constitutes substantial evidence" supporting the Commissioner's benefits denial. *McGoffin*, 288 F.3d at 1254. For these reasons,

we also remand this case so the Commissioner can further assess the effect Berryhill's mental impairments have on her ability to work.

In addition, we note that the ALJ relied on Berryhill's daily activities to reject her assertions that her headaches and mental disorders have further impaired her ability to work. The ALJ found that Berryhill was able to watch television, listen to music, visit relatives, take care of her three teenage sons and her dogs, wash dishes and clothes, cook, grocery shop and drive. These minimal activities, however, are insufficient to establish that she can work on a consistent basis. *See, e.g., Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (noting "[t]he sporadic performance of [household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.") (further quotation omitted). Moreover, in this case, the record does not contain substantial evidence supporting the ALJ's finding that Berryhill can even perform these minimal activities. And, as we have previously discussed, the ALJ failed to explain adequately why he would discredit Berryhill's testimony concerning her daily activities. *See McGoffin*, 288 F.3d at 1254.

Lastly, Berryhill asserts that the jobs the vocational expert testified Berryhill remained capable of performing, at the light exertional level, are actually classified by the Dictionary of Occupational Titles at greater exertional levels.

> [B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must

ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point.

*Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). The ALJ failed to do so in this case.

For these reasons, then, we REVERSE the district court's decision affirming the Commissioner's denial of disability benefits and supplemental security income. We REMAND this case to the district court with directions to REMAND it to the Commissioner for further consideration consistent with this decision.

Entered for the Court

John C. Porfilio
Circuit Judge