**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARL W. BRADBURRY,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant - Appellee.

No. 02-6376
(D.C. No. 01-CV-1473-BA)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Carl Bradburry appeals from a final order of the magistrate judge (sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c)) affirming the Commissioner's denial of disability and supplemental security income benefits. We exercise jurisdiction pursuant to 28 U.S.C. § 636(c)(3), 42 U.S.C. § 405(g), and 28 U.S.C. § 1291, and affirm.

The procedural history and underlying evidentiary record are thoroughly discussed in the magistrate judge's order and we need not repeat them here. Based on the accumulated medical record, Mr. Bradburry's hearing testimony, consultative medical examinations, and the testimony of both a medical and a vocational expert, the administrative law judge (ALJ) determined that Mr. Bradburry retains the capacity for performing unskilled light work with a limitation of occasional stooping and avoidance of unprotected heights and dangerous machinery, and that he is not significantly limited by any mental impairment. Relying on the testimony of a vocational expert, the ALJ identified a number of occupations that Mr. Bradburry can perform and, accordingly, found him not disabled at step five of the controlling sequential framework. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).

In considering the arguments raised on appeal, "[we have] closely examine[d] the record as a whole to determine whether [this decision] is supported by substantial evidence and adheres to applicable legal standards."

*Berna v. Chater*, 101 F.3d 631, 632 (10 th Cir. 1996) (quotation omitted). We concur with the magistrate judge's analysis and conclusion that the ALJ properly considered all the medical evidence, including evidence of hepatitis C, ulcers, hernia, anxiety, and dysthemia, and reasonably determined that none of Mr. Bradburry's impairments, alone or in combination with other impairments, were disabling within the meaning of the Social Security regulations. We also agree that the ALJ satisfied his burden to give a specific, legitimate reason for rejecting the opinion of Mr. Bradburry's treating physician. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001).

For substantially the same reasons stated by the magistrate judge, the judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge