F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAMELA MOSS,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant-Appellee.

No. 03-3128
(D.C. No. 01-CV-2393-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Pamela E. Moss appeals the denial of her applications for Social Security disability insurance and supplemental income benefits. After her initial applications, filed in 1996, were denied administratively and upon reconsideration, claimant requested a hearing before an administrative law judge (ALJ). The ALJ concluded that claimant was not disabled, and she brought suit in federal district court in 1999. The Commissioner moved to have the case remanded to the agency for further consideration, which motion was granted. Claimant then filed new applications for benefits in 2000, which were also denied administratively and upon reconsideration. The claims were consolidated and, after a second hearing before the ALJ, the ALJ again concluded that claimant was not disabled. She filed suit in district court for the second time in 2001. The district court affirmed the Commissioner's denial of benefits.

We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review, however, is limited to evaluating whether the ALJ's factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). In determining whether substantial evidence exists to

support the ALJ's decision, we will not reweigh the evidence. *Castellano*,

26 F.3d at 1028.

On appeal, claimant raises three arguments challenging the ALJ's decision.

First, as she did before the ALJ, claimant contends that her coronary artery

disease meets a listed impairment. "At step three, the ALJ determines whether

the claimant's impairment is equivalent to one of a number of listed impairments

that the [Commissioner] acknowledges as so severe as to preclude substantial

gainful activity." *Drapeau v. Massanari*, 255 F.3d 1211, 1212 (10th Cir. 2001)

(quotation omitted). The listing that claimant contends she meets requires her to

have:

> Coronary artery disease, demonstrated by angiography . . . and an
> evaluating program physician . . . has concluded that performance of
> exercise testing would present a significant risk to the individual,
> with both . . . [a]ngiographic evidence revealing . . . 50 percent or
> more narrowing of at least 2 nonbypassed coronary arteries . . . and
> [r]esulting in marked limitation of physical activity, as demonstrated
> by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary
> physical activity, even though the individual is comfortable at rest.

20 C.F.R. Part 404, Subpt. P, App. 1, listing 4.04(C)(1)(d)(2). The ALJ

concluded from the medical evidence in the record that claimant's condition did

not meet this listing because she "does not have the severe fatigue or shortness of

breath required by listing 4.04 C (2)." Admin. Tr., Vol. I at 17. Nonetheless,

claimant does not argue that the medical evidence demonstrates she has fatigue or

shortness of breath. She notes that she was admitted to the hospital in 1998 with

shortness of breath and, after an angiography was performed, was advised to avoid strenuous exercise or activity for six weeks. She states that no treadmill testing has been recommended by her physicians since that time. But these facts do not demonstrate that she meets the listing requirements of "fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though the individual is comfortable at rest." 20 C.F.R. Part 404, Subpt. P, App. 1, listing 4.04(C)(1)(d)(2). The regulations are clear that all of the findings related in a listing must be met. 20 C.F.R. § 404.1525(d). Further, our review of the record demonstrates several instances where claimant's physicians subsequently advised her to exercise, clearly precluding a requirement of the listing. *See, e.g.,* Admin. Tr., Vol. II at 618, 650, 708. Therefore, this argument lacks merit.

In her second argument, claimant takes issue with the ALJ's conclusion that her testimony regarding her subjective complaints of pain and other limitations was not fully credible. Claimant restates some of the medical record of her coronary artery disease and other conditions and her treatment for them and argues that she has established the "loose nexus" required under *Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir. 1987), between her conditions and her allegations of pain and other limitations. But the ALJ did not dispute the presence of impairments which might produce pain or other disabling limitations. Instead, after reviewing the medical evidence, the ALJ concluded that claimant's

-4-

complaints were inconsistent with the medical record and her own statements to her treating physicians. The ALJ acknowledged that claimant is limited by several medical conditions, but stated that they are largely controlled by medication. He also noted that her daily activities were inconsistent with total disability. In other words, at the final step of the *Luna* analysis, the ALJ determined that claimant's pain and limitations were not as severe as she alleged.

Claimant contends that because she sought medical treatment for her coronary artery disease and currently takes medication, her efforts somehow demonstrate that her testimony is consistent with the medical record. Claimant conclusorily contends that the ALJ applied the wrong legal standards in determining her credibility. But these arguments fail to address the reasoning behind the ALJ's credibility determination. Claimant does not demonstrate how the ALJ erred in relying on the identified inconsistencies or her daily activities, or in what way the ALJ applied the wrong standard. We reject claimant's contention that the ALJ's credibility determination either lacks support in the record or did not apply the correct legal standards.

Finally, claimant contends that the ALJ erred in concluding that she can perform work existing in the national economy. She argues that the ALJ improperly relied on responses by vocational experts at the hearings because the ALJ's hypothetical questions to these experts were incomplete. Claimant appears

to contend that the ALJ should have 1) included as a limitation in the hypothetical her alleged needs to lie down for an hour daily and elevate her feet twice per week, and 2) acknowledged episodes of chest pain lasting ten minutes or longer. However, in his decision, the ALJ pointed to medical evidence that her chest pains are relieved by medication and may be noncardiac in origin. The ALJ also noted that her alleged needs to lie down and elevate her feet are "not based upon any determination by a treating or examining physician that this was medically necessary," and that the allegations are "contrary to the recommendation that [claimant] exercise." Admin. Tr., Vol. I at 21. Because claimant does not address these points in her argument, her challenges to the ALJ's hypothetical are conclusory and unsupported.

Based on our independent review of the record as a whole, we conclude that the ALJ applied the correct legal standards and that substantial evidence supports his findings. The district court's judgment is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge