FILED
United States Court of Appeals
Tenth Circuit

August 24, 2012

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

JODY L. ARMSTRONG,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 12-6053
(D.C. No. 5:11-CV-00075-M)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Jody L. Armstrong appeals from the district court's order affirming the

Commissioner's denial of her applications for a period of disability, disability

insurance benefits, and supplemental security income. Exercising jurisdiction under

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we vacate the district court's decision and remand for additional agency proceedings.

Ms. Armstrong alleged disability beginning on January 1, 2006, due to mental impairments. Her date last insured for a period of disability and disability insurance benefits was March 31, 2008. After a hearing, an administrative law judge (ALJ) determined that she had one severe impairment, bipolar disorder. Once he had assessed her residual functional capacity, the ALJ concluded that she could not return to her past relevant work. He further determined that she was not disabled because she could still perform other jobs available in the national economy. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Ms. Armstrong first argues that the ALJ failed to properly consider the medical evidence. Particularly, she asserts that the decision is almost entirely disfavored boilerplate, and that "[t]he decision here is simply devoid of any significant substantive analysis." Aplt. Br. at 25. She complains that the ALJ failed to weigh the opinion of her treating psychiatrist, and that even when he apparently accepted some aspects of an opinion (such as the diagnosis of bipolar disorder), he disregarded other aspects (such as the diagnosis of anxiety disorder) without

explanation. Further, she asserts that he failed to consider the evidence from other medical sources, including her record of prescriptions for various drugs that are used in treating depression, anxiety, panic disorder, and bipolar disorder. We agree with Ms. Armstrong that the ALJ failed to properly consider the medical evidence, and therefore we remand for further evaluation.

An ALJ is not required to discuss every piece of evidence in the record, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Further, "[u]nder the regulations, the agency rulings, and our case law, an ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins*, 350 F.3d at 1300 (brackets and internal quotation marks omitted). "[T]he notice of determination or decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (internal quotation marks omitted).

Although the decision states that the ALJ carefully considered the evidence, it does not actually demonstrate that he did so. The ALJ found the existence of one severe impairment, bipolar disorder, but the decision does not reflect why no other mental impairments were considered to be severe, or whether and how the ALJ took account of them even if they were not severe. The decision discusses only one

medical record in any detail, a record documenting Ms. Armstrong's initial intake visit to HOPE Community Services on December 19, 2006. It also briefly refers to a record of a January 2007 visit to HOPE. But it does not mention (1) any of the medical records from visits in late 2006 and early 2007 to OU Physicians Family Medicine, when Ms. Armstrong was diagnosed with and treated for depression, anxiety, and panic attacks, or (2) any of the records from Ms. Armstrong's visits to HOPE Community Services after January 2007, even though the later visits reflect her diagnosis of and treatment for bipolar disorder and anxiety disorder.

Importantly, the decision does not discuss or weigh the opinions of Ms. Armstrong's treating physicians and psychiatrist. When "the ALJ offer[s] no explanation or the weight, if any, he gave to the opinion of . . . the treating physician[,] [w]e must remand because we cannot properly review the ALJ's decision without these necessary findings." *Watkins*, 350 F.3d at 1300; *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."); *Clifton*, 79 F.3d at 1009 ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion."). "Although we review the ALJ's decision for substantial evidence, we are not in a position to draw factual

conclusions on behalf of the ALJ." *Drapeau*, 255 F.3d at 1214 (internal quotation marks omitted).

Because the decision does not weigh the evidence as required by the applicable legal standards, we must remand for further proceedings. We need not reach Ms. Armstrong's additional arguments that the ALJ erred in assessing her credibility and in accepting certain vocational expert testimony; those issues may be affected by the ALJ's treatment of the case on remand. Of course, once the ALJ has properly weighed the medical evidence, he will again need to assess Ms. Armstrong's credibility, keeping in mind that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (brackets and internal quotation marks omitted).

The judgment of the district court is vacated, and the case is remanded with directions to remand to the Commissioner for further proceedings.

Entered for the Court


Bobby R. Baldock
Circuit Judge