Christine M. BLACKWELL, Plaintiffs,

v.

Michael J. ASTRUE,[1] Commissioner of Social Security, Defendant.

No. 06–2301–JWL.

United States District Court, D. Kansas.

Nov. 28, 2007.

Joan H. Deans, Deans Law Office, Raytown, MO, for Plaintiff.

1. On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**1348**

David D. Zimmerman, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

JOHN W. LUNGSTRUM, District Judge.

Plaintiff Christine M. Blackwell brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, which denied disability insurance benefits under the Social Security Act. The court referred this matter to United States Magistrate Judge John Thomas Reid, who issued a Report and Recommendation (doc. # 19) in which he recommended that Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (doc. # 14) be granted, that the decision of the Commissioner be reversed, and that judgment be entered remanding this case for further proceedings. Plaintiff filed objections to this Report and Recommendation, arguing that instead of remanding for further proceedings the court should remand for an immediate award of benefits. As explained below, the court will overrule plaintiff's objections and adopt Magistrate Judge Reid's recommendations.

■ When reviewing a report and recommendation, the court must make a de novo review of "those portions of the report or . . . recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court is not required to blindly adopt the findings or recommendations made by the magistrate judge. The court has discretion to "accept, modify, or reject" any portion of the recommendations and should review the findings anew from the record as a whole. *Id.; Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir.2000).

Plaintiff does not object to Magistrate Judge Reid's recommendation that the Commissioner's decision be reversed. Plaintiff only objects to remand for further proceedings. Plaintiff asserts that substantial evidence in the record supports a proper finding of disability, and requests that this court enter an immediate award of benefits. Specifically, plaintiff argues that remand for additional proceedings would cause unnecessary delay and that the ALJ has already been afforded the opportunity to properly evaluate all of the relevant evidence. Defendant responds that substantial issues of fact remain that have not yet been determined, and that an award of benefits without additional findings of fact is improper.

The Commissioner's final decision stemmed from the initial decision of Administrative Law Judge Brock (ALJ Brock), which determined plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. Specifically, ALJ Brock determined that plaintiff's allegations were "not totally credible" and that her residual functional capacity was for a "full range of light work." Subsequently, both parties filed motions for reversal of the decision. Plaintiff argues that remand would be redundant because the record provides sufficient evidence supporting disability and an award for immediate benefits. The Commissioner, admitting that the case as decided by ALJ Brock was deficient, argues that remand is necessary for proper consideration of the facts.

■ As noted by Magistrate Judge Reid, the deficiency underlying the decision stems from ALJ Brock's failure to properly weigh the medical evidence opinions as required of him under 20 C.F.R. § 404.1527(d). The Social Security Administration promises that an ALJ "will evaluate every medical opinion receive[d]" in the record. 20 C.F.R. § 404.1527(d). In doing so, a treating physician's medical opinion will be given controlling weight

because the treating source is more likely to have the most "detailed, longitudinal picture of" the medical impairment. 20 C.F.R. § 404.1527(d)(2). If the ALJ does not apply controlling weight to the treating source opinion the ALJ must explain why in detail. *Yoakum v. Astrue*, 479 F.Supp.2d 1186, 1194 (D.Kan.2007). The remaining medical opinions will all be weighed in accordance with the following factors:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.*; 20 C.F.R. §§ 404.1527(d).

Several medical statements in the record indicate the possibility that drug abuse might have contributed to plaintiff's symptoms. These statements, however, are in conflict with the statement of plaintiff's own treating physician Dr. Fisher, who reports that plaintiff's narcotic use is nothing more than prescription pain management. In his decision, ALJ Brock noted this inconsistency and gave "little weight" to Dr. Fisher's opinion as a result. However, ALJ Brock failed to assign weight to the conflicting opinions that he, presumably, felt were dispositive. Further, his decision failed even to address the opinions of Drs. Crockett and Curtis that supported the content of Dr. Fisher's opinion. Thus,

it is not ascertainable from the record what weight ALJ Brock applied to any of the medical source opinions, and whether the application of that weight was proper under the regulation's requirements.

■ After completing a de novo review of the record as a whole, this court agrees with Magistrate Judge Reid that the court is unable to make a direct award of benefits. As noted by Judge Reid, it is not clear whether the ALJ properly weighed the medical opinions of record in accordance with the regulations. Although it is unfortunate that this will cause further delay for plaintiff, this court cannot determine if the administrative record was fully developed with substantial and uncontroverted evidence indicating disability, which would be necessary for a direct award of benefits. *See Gilliland v. Heckler,* 786 F.2d 178, 184–85 (3rd Cir.1986); *cf. Sorenson v. Bowen,* 888 F.2d 706, 713 (10th Cir.1989) (stating that "remand for [an] immediate award of benefits is appropriate when additional fact finding would serve no useful purpose."). This court may consider whether the ALJ followed the rules of law when weighing certain evidence, but it may not reevaluate the evidence or substitute its own judgment for the judgment of the Commissioner. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir.2007); *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir.1991).

As Judge Reid discussed in detail, the record is not clear as to what evidence the ALJ considered when making the decision, nor can this court identify whether the weight given to plaintiff's treating physician was proper. A direct award of benefits would require this court to make factual determinations regarding the weight of medical opinion evidence as well as whether drug addiction was a contributing factor to plaintiff's alleged disability. Since how ALJ Brock made his determination re-

mains unclear, neither of these tasks are properly within the purview of this court. Thus, this court agrees that remand is necessary for proper evaluation of these facts. Plaintiff's objections are, therefore, overruled and the court accepts Magistrate Judge Reid's Report and Recommendation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the Recommendations of U.S. Magistrate Judge (doc. # 20) are OVERRULED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. # 19) is ADOPTED, Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (doc. # 14) is GRANTED, the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

JOHN THOMAS REID, United States Magistrate Judge.

Plaintiff filed a complaint on July 24, 2006 seeking review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).

## I. Background

Plaintiff filed her Social Security Brief on Mar. 28, 2007 seeking reversal of the

Commissioner's decision below and remand for immediate award of benefits. (Doc. 9, p. 27)(hereinafter Pl. Br.). On Jun. 19, the Commissioner filed a motion to remand with a memorandum in support. (Docs.14, 15). In his memorandum, the Commissioner admitted that the case was incorrectly evaluated, and informed the court that upon remand the Appeals Council will remand the case to an Administrative Law Judge (ALJ) for further development. (Doc. 15, p. 1)(hereinafter Comm'r Mem.). The Commissioner stated that the ALJ would be directed to further consider the evidence regarding plaintiff's drug abuse and the assessment of Dr. Lopez.[2] (Comm'r Mem. 2). He stated the ALJ would hold a new administrative hearing with a medical expert present to help in assessing the medical evidence, would further assess the credibility of plaintiff's allegations of disabling symptoms, and would address the opinions of Drs. Crockett and Curtis. *Id.*

Plaintiff filed a memorandum in opposition to the Commissioner's motion, arguing that further proceedings would be redundant, that Dr. Fisher's opinion establishes that plaintiff is disabled, and therefore, the decision should be reversed and the case should be remanded for an immediate award of benefits. (Doc. 16) (hereinafter Pl. Opp' n). The court recommends the Commissioner's motion be GRANTED, the decision be REVERSED, and JUDGMENT be entered REMANDING the case for further proceedings.

## II. Analysis

Section 405(g) of the Act controls judicial review of the Commissioner's deci-

---

**2.** The Commissioner provided no citation for his reference to an assessment by Dr. Lopez, and the court's search of the record does not reveal any consideration by the ALJ of such an assessment. The ALJ discussed an assess-

ment by Dr. Fisher, a physician who treated plaintiff beginning Sept. 5, 2003. (R. 21). The court believes it is this assessment to which the Commissioner refers. The issue may be clarified on remand.

sions. 42 U.S.C. § 405(g). Sentence four of that section provides that the district court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remand for a hearing." *Id. see also, Forney v. Apfel,* 524 U.S. 266, 269–70, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998); *Shalala v. Schaefer,* 509 U.S. 292, 296–98, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Sullivan v. Finkelstein,* 496 U.S. 617, 625–26, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Plaintiff and the Commissioner agree that the decision below was incorrectly evaluated and that remand pursuant to sentence four of 42 U.S.C. § 405(g) is necessary.

The issue here is whether to remand for further proceedings or to remand for an immediate award of benefits. Resolution of that issue is within the discretion of the court. *Ragland v. Shalala,* 992 F.2d 1056, 1060 (10th Cir.1993); *Taylor v. Callahan,* 969 F.Supp. 664, 673 (D.Kan.1997) (citing *Dixon v. Heckler,* 811 F.2d 506, 511 (10th Cir.1987)).

■ The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. *Gilliland v. Heckler,* 786 F.2d 178, 184, 185 (3rd Cir.1986). The Commissioner is not entitled to adjudicate a case ad *infinitum* until he correctly applies the proper legal standard and gathers evidence to support his conclusion. *Sisco v. Dep't of Health & Human Servs.,* 10 F.3d 739, 746 (10th Cir.1993).

■ Although the court agrees with plaintiff that remand for further proceedings will cause delay which might have been avoided had the ALJ properly addressed the issues in the first instance, the court is unable to conclude that substantial and uncontradicted evidence on the record as a whole indicates that plaintiff is disabled and entitled to benefits. For example, the medical opinions of record have not been properly weighed. The ALJ assigned specific weight only to the opinion of Dr. Fisher; (R. 20)("little weight"); and the opinions of the state agency medical consultants. (R. 21)("some weight, but not controlling weight").[3] The ALJ discussed the opinion of Dr. Boutwell and relied upon that opinion in giving little weight to the opinion of Dr. Fisher, but he did not assign particular weight to Dr. Boutwell's opinion. In the decision, the ALJ discussed other opinions given by medical sources but did not weigh the opinions. (R. 18–19)(without citation to the record)(*i.e.,* (R.440–41, 433)). As the Commissioner's memorandum suggests, the ALJ did not address the opinion of Drs. Crockett and Curtis. (Comm'r Mem. 2)(R. 266–67).

Moreover, even if the court were to determine as plaintiff suggests that the evidence is uncontroverted that plaintiff is disabled, the court would be unable to remand for an award of benefits. The record is replete with evidence of drug addiction. *E.g.,* (R. 342, 347, 433, 440–41, 445–47, 451, 455, 459–61, 471–72). Pursuant to Public Law 104–12 (codified at 42 U.S.C. § 423(d)(2)(C)), if a claimant is disabled and also suffers from drug addiction, the Commissioner must determine whether the drug addiction is a contributing factor material to the determination of disability. If it is, the claimant will be found not "disabled" as defined in the Act. *Dra-*

---

**3.** This finding is more confusing than helpful because controlling weight may be given only to the opinions of *treating physicians.* 20 C.F.R. § 404.1527(d). The opinions of state agency medical consultants must be consid-

ered and weighed in accordance with the regulatory factors, and the decision must explain the weight given to those opinions, but they are not entitled to controlling weight. *Id.* § 404.1527(f)(2).

*peau v. Massanari,* 255 F.3d 1211, 1215 (10th Cir.2001).

As the parties admit, the ALJ was aware of the evidence of drug addiction and used that evidence in finding plaintiff's allegations of disabling symptoms "not totally credible." (R. 24); *see also,* (Pl. Br.23–24); (Comm'r Mem. 2); (Pl. Opp'n 2); (Doc. 18, p. 2)(hereinafter Comm'r Reply); (R. 18–21). However, the ALJ did not find plaintiff disabled and, therefore, did not determine whether drug addiction is a contributing factor material to the determination of disability.

The court's jurisdiction in Social Security cases is limited to reviewing the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). *Califano v. Sanders,* 430 U.S. 99, 105–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, as the Commissioner must resolve factual issues and evidentiary conflicts. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir.2007); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir.2001). Consequently, the court cannot determine in the first instance whether drug addiction is a contributing fact material to the disability determination. Thus, remand is necessary for the Commissioner to properly evaluate the evidence including the medical source opinions, determine whether plaintiff is disabled when considering drug addiction, and if so, determine whether drug addiction is a contributing factor material to the determination of disability.

On remand, the Commissioner would be well-advised to consider, evaluate, and assign weight to *all* of the medical source opinions in the record in accordance with Tenth Circuit law. Although some of the opinions may not be those of an acceptable medical source as defined in the regulations, even the opinions of "other medical sources" should be considered to show the severity of plaintiff's impairments and how they affect her ability to work. 20 C.F.R. § 404.1513(d).

Perhaps the ALJ did not address medical opinions such as those of Drs. Crockett and Curtis—which were rendered before Nov. 2, 1999—because they were rendered during a previously-adjudicated period which the ALJ did not find good cause to reopen. (R. 15). When the Commissioner reviews *the merits* of prior proceedings and considers *additional evidence* relating to that period, he has *de facto* reopened the prior proceedings and the court has jurisdiction to review his current decision relating to those proceedings pursuant to 42 U.S.C. § 405(g) despite any argument to the contrary. *Taylor for Peck v. Heckler,* 738 F.2d 1112, 1114–15 (10th Cir.1984). However, when evaluating a subsequent period, consideration of evidence which also relates to a previously-adjudicated period does not constitute *de facto* reopening of the prior period. Where the Commissioner refuses to reopen the prior proceedings and does not consider a claimant's condition *during the previously-adjudicated period,* the court has no jurisdiction to review the Commissioner's decision not to reopen the prior proceedings. *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Brown v. Sullivan,* 912 F.2d 1194, 1195–96 (10th Cir.1990). Therefore, in so far as the medical source opinions rendered during the previously-adjudicated period are relevant to a determination of plaintiff's condition and disability during the subsequent period at issue, the Commissioner should include evaluation of those opinions in his decision.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's motion (Doc. 14) be GRANTED, the decision be REVERSED, and JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case

for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. *Hill v. Smith-Kline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir.2004).

September 24, 2007.